RECEIVED
OCT 28 2013

# SCCID
SOUTH CAROLINA COMMISSION ON INDIGENT DEFENSE

**Division of Appellate Defense**
1330 Lady Street, Suite 401
Columbia, South Carolina 29201-3332
Post Office Box 11589
Columbia, South Carolina 29211-1589
Telephone: (803) 734-1330
Facsimile: (803) 734-1397

**Robert M. Dudek, Chief Appellate Defender**
**Wanda H. Carter, Deputy Chief Appellate Defender**

January 12, 2012

James A. Fleming, #150479
Kirkland Correctional Institution
4344 Broad River Road
Columbia, SC 29210

    Re:    Your letter

Dear Mr. Fleming:

    I acknowledge receipt of your letter. Our office only handles criminal appeals. You may wish to write the South Carolina Lawyer Referral Service at:

    South Carolina Lawyer Referral
    950 Taylor Street
    Columbia, SC 29201

    I am returning your correspondence and will keep a copy on file.

                                Sincerely,

                                Robert M. Dudek
                                Chief Appellate Defender

RMD:cms

Enclosure

RECEIVED
OCT 28 2013
MSU LAW LIBRARY

# Law Office of Ashley Ameika, LLC

## Attorneys And Counselors At Law

7555 Northside Drive
North Charleston, South Carolina 29420
www.ashleyameikalaw.com

**Ashley E. Ameika**

**Jessica L. Cassick**

*Walter S. Ameika (Of Counsel)*

Office: 843.820.9719
Toll Free: 1.877.820.9719
Facsimile: 843.820.9720
ashleyameikalaw@me.com
jessicacassick@me.com

March 26, 2012

Mr. James A. Fleming # 150479
4344 Broad River Rd.
Columbia, SC  29210

Dear Mr. Fleming,

    A phone conference is possible to discuss your matter, but a $ 50.00 consultation fee is to be paid before the scheduled conference time.  If you are still interested in talking to me about this matter you may contact our office at 1-877-820-9719 toll free to schedule a phone conference.

Very truly yours,

Ashley E. Ameika

AEA/tg


RECEIVED
OCT 28 2013
MSU LAW LIBRARY

# LAW OFFICES
# PYATT LAW FIRM, LLC

P.O. Box 534  
Newberry, SC 29108  
Tel: (803) 276-1118  
Fax: (803) 276-6922  
pyattlawfirm@bellsouth.net  

P.O. Box 12041  
Columbia, SC 29211  
Tel: (803) 750-5929  
Fax: (803) 750-5956  
pyattlaw@pyattlawfirm.net  

Web address: http://www.pyattlawfirmllc.com

Reply to:   Columbia Office

January 31, 2012

James A. Fleming  
Inmate #00150479  
KCI MSU  
4344 Broad River Rd.  
Columbia, SC 29210  

Dear Mr. Fleming:

Thank you for contacting the Pyatt Law Firm. Please be advised that we require a consultation fee of $150.00 paid before I schedule a time to visit with you.

After I receive the above fee requested, I will schedule a visit with you.

I look forward to hearing from you soon.

Sincerely,

William L. Pyatt

WLP/rls

*wrote asking to represent me on the incident of 11/26/11*



RECEIVED OCT 28 2013 MSU LAW LIBRARY

**South Carolina Bar Lawyer Referral Service**
Post Office Box 608
Columbia, SC 29202
803-799-6653, Ext. 138

TO:   Mr. James A. Fleming #150479
      Kirkland C.I.
      4344 Broad River Road
      Columbia, SC 29210

FR:   Lawyer Referral Service

DT:   March 8, 2012

RE:   Lawyer Referral

Thank you for your letter requesting a lawyer referral. The South Carolina Lawyer Referral Service (LRS) refers those citizens who may need to consult with a lawyer and can afford legal representation to private lawyers. The initial 30-minute consultation may not cost more than $50.00 for an <u>in-office</u> consult. Further legal services are determined by the client and lawyer. Neither the client nor the lawyer is obligated to go beyond the initial 30-minute consultation. The LRS lawyers are private lawyers. They are under no obligation to represent you, nor are you under any obligation to hire them. You must contact the lawyer. ***The LRS lawyers are not appointed for you and they are NOT pro bono.***

The lawyer we are referring to you is Ashley Ameika, whose mailing address is 7555 Northside Drive, N. Charleston, SC 29420. Her telephone number is (843) 820-9719.

Thank you for contacting the South Carolina Bar Lawyer Referral Service.

RECEIVED

JAN 9 2012

SC OFFICE OF
APPELLATE DEFENSE

 1/6/12

Dear South Carolina Commission of Indigent Defense:

I am an Inmate at Kirkland Correctional Institution's MSU (Maximum Security Unit), I was wondering if you would take a case for me, Pro Bono of course, or at least steer me to someone whom might. Addresses please, instead of phone numbers, or both.

On Nov. 26, 2011, when after getting a shave in the barbershop (room), and while having some words with some guards, I was slammed against the wall and to the floor by a officer Williams, while in handcuffs, belly chain, black box and shackles, and hobble chain, and with a officer Tyler on top of me, a officer Brown gassed, kicked, and punched me numerous times, then after officer Brown was finally restrained by other officers and pulled away from me, he came back to where I lay and began kicking and punching, and gassing me by placing the can also against my face, before being restrained for a second time. Then while in the control room where he was ordered to go for a second time, he taunted me by beating on the glass with his hand and saying over and over, "I did that to you, Fleming," and other trash talk as I was escorted to medical where I was treated for lacerations and bruising to my face. I also have some lingering injuries to my body.

One of the officers, officer Brown, has been placed somewhere else in the Institution to work pending an investigation, something that is not usually done unless there is already strong evidence against

the officer. And the investigator did take pictures of the injuries to my face, and from my own observation, one of the officers who pulled officer Brown away from me, an officer Hudson, has come forward and said that she saw him kicking and punching me while I was on the floor in restraints, and had to pull him away from me, and that he came back out of the control room and kicked and punched me some more.

Sincerely
James A. Fleming #150479
K C I   M S U
4344 Broad River Rd.
Columbia, S.C. 29210

**RECEIVED OCT 28 2013**

# SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## REQUEST TO STAFF MEMBER

| TO: NAME: MSU LAW LIBRARY | TITLE: | DATE: |
|---|---|---|
| Law Library Clerk Rhea-Rogers | | 10/28/13 |

| INMATE'S NAME: | SCDC #: |
|---|---|
| James Fleming | 150479 |

| INSTITUTION: | LIVING QUARTERS: |
|---|---|
| KCI | MSU 45 |

I need three copies of each.

**DISPOSITION BY STAFF MEMBER:**

Per Christopher Florian of General Counsel you must give me a Court Pending Number-Case Number to obtain any copies.

DATE: Oct 29, 2013

SIGNATURE: Rhea-Rogers

SCDC FORM 19-11 (REV.FEB 2001)

Exhibit # B

RECEIVED
NOV 2 8 2013
MSU LAW LIBRARY

# SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## REQUEST TO STAFF MEMBER

| TO: NAME: McCrary | TITLE: | DATE: 12/29/11 |
|---|---|---|
| INMATE'S NAME: James A. Fleming | | SCDC #: 150479 |
| INSTITUTION: K C I | | LIVING QUARTERS: M S U  D-49 |

I need to be seen on sick-call for some lingering injuries I sustained on Nov. 26, 2011, in an altercation I had with some guards while I was in full restraints. My left shoulder and elbow doesn't seem to be getting any better, they both hurt when I exercise to try and get the soreness out of them, and when I don't exercise, I still experience pain. While I also experience pain in my elbow when putting a little weight on it, like when ~~you're~~ a person is propped up on it while lying on one side, or when I use it to turn over in bed. Also one of my ~~recent to the f~~ wounds to the face, on my nose, I'm having trouble breathing through, it's as if one of the blows I took to the face closed it. And where I took a ~~lot of b~~ cut and more bruising around my left eye, I'm still experiencing blurred vision. And now that the swelling's went away about my left ear, my hearing hasn't come back in it, I can't hardly hear nothing out of it.

**DISPOSITION BY STAFF MEMBER:**

Facial Bones X-ray - left nasal area.
Tylenol 1000 mg TID x 30 days.
Change to Tylenol 325 mg 3 p.o.

| DATE: 12/29/2011 | SIGNATURE: |
|---|---|

SCDC FORM 19-11 (REV. FEB 2001)

Exhibit # C

copy

6/11/12

Dear Mr. Smith, Investigator, Kirkland Correctional Institution.

I'm writing you over one of the things we talked about sometime around the first of June 2012, when you came to see me with the two solicitors in preparing for trial over the incident on November 26, 2011, with officer Brown, when I was kicked and punched numerous times by him while I was on the floor in restraints — and the specific thing I'm writing you about in part of our discussion, was me losing my partial (dentures) during the incident, in which they were knocked out of my mouth from the blows to my face, and not retrieved by the guards in all the commotion and just swept up when the mess was cleaned up.

I'm having a problem with dental making me another partial (dentures), because now it states in the policy that an inmate has to have a certain amount of teeth missing before he can have dentures made, and in my case another pair — unless for one — it is the fault of an officer or officers in the loss of an inmate's dentures, which in this incident I fall in this category, however, I need the Warden's Okay on this, and you said you would speak to him about this matter, in getting his approval.

Sincerely
James A. Fleming #150479
K C I   M S U
4344 Broad River Rd.
Columbia, S.C. 29210

RECEIVED
OCT 28, 2013
MSU LAW LIBRARY

C-1

# SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT AND HEARING RECORD

Case#: 17  Inmate Name: Fleming, James  SCDC#: 126479

Living Area: SMU CC #911  Job: Housed up  Custody: MK3

Offense Date: 11/26/11  Offense Time: 3:30 AM/PM  Institution: KCI Max

Offense Description: 807/Striking an SCDC Employee

Charging Officer/Employee: W. Brown  Title: /C

**INMATE NOTIFICATION:** YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER YOUR RECEIPT OF THIS NOTICE. YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL STATEMENT.

**INMATE WAIVERS:**
- [ ] I GIVE UP MY RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
- [ ] I DO NOT WANT TO BE PRESENT AT MY HEARING
- [x] I DO WANT MY ACCUSER PRESENT AT THE HEARING
- [ ] I DO NOT WANT MY ACCUSER PRESENT AT THE HEARING
- [ ] I WAIVE MY RIGHT TO A HEARING SMU/SEGREGATION ONLY
- [x] I WANT A COUNSEL SUBSTITUTE
- [ ] I DO NOT WANT A COUNSEL SUBSTITUTE

Date & Time Notified: 11/29/11  2:40 AM/PM  By (Print): Col. McIntyre
Inmate Signature: _____  SCDC#: 150411  Date: 11/29/11

**HEARING INFORMATION:**

Hearing Date: 12/8/11  12-15-11  Hearing Time: 2:15 am/pm  Tape: 48.11  910  48.11  Side: B  B  Start: 0  204  End: 204

EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF THE HEARING; (2) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE; IF ANY (3) WITNESSES, (4) DOCUMENTATION, OR (5) EVIDENCE WAS EXCLUDED FROM THE HEARING; OR (6) IF INMATE WAS DENIED CONFRONTATION QUESTIONING AND/OR CROSS EXAMINATION OF A WITNESS AT THE HEARING.

| OFFENSE CODES | 807 | | | | |
|---|---|---|---|---|---|
| INMATE PLEA (G, NG, None) | NG | | | | |
| FINDINGS (G, NG, DS) | G | | | | |

IF GUILTY, EVIDENCE PRESENTED CONSIDERED AND REASONS FOR DETERMINATION OF GUILT: (A) ADMISSION OF GUILT; (B) OFFICER'S REPORT, (C) WITNESS TESTIMONY; (D) OTHER. EXPLAIN IN DETAIL: Based on the narrative + testimony of Ofc. Brown and the testimony of Ofc. Williams + Cpl. Tyler, inmate is guilty well spitting in the facial area of an SCDC employee.

HEARING LENGTH: _____ (MINUTES)

**SANCTIONS:**
Loss of Privileges (Days)  Reprimand: _____  Loss of Good Time (days): 90
* Property (Days) 120+ 180=300  Extra Duty: _____  Restitution: $_____
* Canteen (Days) 120+ 180=300  Visit Suspension Thru 120+180=300
* Telephone (Days) 120+180=300  Cell Restriction (Days): _____
* Disciplinary Detention (Days): 120 d w/o pin

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: Level 2, history of striking an SCDC employee, seriousness of offense.

CREDIT FOR PHD TIME SERVED? YES/NO  IF YES, DAYS _____
DATE INMATE PLACED IN PHD: N/A
INMATE SIGNATURE FOR RECEIPT OF FINAL REPORT: _____  DATE: 12-8-11  12-15-11
HEARING OFFICER (PRINT NAME): Audrey Daniels-Moore
APPROVED/REVERSE/MODIFY _____  REASON _____
Warden

CONTACT YOUR CLASSIFICATION CASEWORKER OR COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.

White - Institutional Record  Canary - Inmate (Service of Disciplinary Report)
Golden Rod - Inmate (Service of Disciplinary Hearing Disposition)  Pink - Central Record
**(Note: When there is restitution, a copy of this form should be forwarded to Financial Accounting.)
SCDC 19-69 (Rev., May 2007)

Exhibit's D-1

11-11-4/17

RECEIVED
OCT 28 2013
MSU LAW LIBRARY

# SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT

11-11-0086

Page 1 of 1

| Field | Value |
|---|---|
| Institution/Center: | Kirkland R&E |
| Date of Report: | 11.26.11 |
| Time of Report: | 4:00 pm |
| Reporting Official: | C/O W. Brown |
| Date of Incident: | 11.26.11 |
| Location of Incident: | MSU |
| Time of Incident: | Aprox 3:30pm |

**Inmate(s)/Resident:**
1. Fleming, James   SCDC# 150479   W/M

**Employee(s) Involved:**
1. C/O W. Brown
2. C/O L. Williams
3. Cpl. E. Tyler

**On the above date and approximate time:** While I C/O W. Brown & Cpl E. Tyler was conducting haircuts inmate Fleming, James SCDC# 150479 was finished his cut and was told to go back to his cell. Inmate Fleming stated that he wanted a book. After 5+ minutes he still did not pick a book and was given several directives to return to his cell in which he continued to refuse. I C/O Brown gave him another directive to return to his cell which he again refused. Cpl Tyler tugged on his belt and inmate Fleming lunged at myself (C/O Brown) and spit on my face shield. At this time I administered a burst of chemical munition to his facial area. Inmate Fleming got resistant and continued to lunge toward me. At this time Inmate Fleming was taken to the ground by C/O Williams and Cpl. Tyler. Inmate Fleming continued to resist and wrestle with both officers who were overcome by the chemical munition. I then assisted to gain control of inmate Fleming. Incident was reported to Sgt Goins and Captain Davis. Inmate Fleming was seen by medical.

Signature: William Brown

SAS IN 1:05
SAS OUT 1:13

**Evidence:** 8 grams used

**Witness(es):**

**Supervisor's Comments:** I/M Fleming should be charged with (801) Assault on an officer. Mental Health statement attached

Signature: ___   Title: ___   Date/Time: aprox 6:10pm 11/26/11

**Major/Responsible Authority:** I/M Flemming #150479 is charged with 807 Striking on SCDC Employee, see attached M.H. Statement

Signature: ___   Title: Major   Date: 11-28-11

STG Related - Refer to STG Committee
( ) Yes   ( ) No   (✓) Unknown

This Incident is DRUG related
( ) Yes   ( ) No   (✓) Unknown

**Action Taken**
( ) Informal Resolution
( ) Administrative Resolution
(✓) Refer to Disciplinary Hearing

Exhibit #4
Continued...

# SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE FORM
### STEP 1

INMATE NAME: James R. Fleming
SCDC NUMBER: #150479
INSTITUTION: Kirkland Correctional Institution
HOUSING UNIT: M S U
WORK ASSIGNMENT: None

12/7/11

**Office Use Only**
Grievance No. MSU-0322-11
Code: General DA IIS
Policy _____
Disc. Hear. _____
Class. _____
Date Received 12-14-11
IGC Initials KT

**STATE GRIEVANCE** (include documentation, and date of incident; if SCDC Policy, indicate which policy)

On Nov. 26, 2011, at Kirkland Correctional Institution's Maximum Security Unit (MSU), when after getting a shave in the barbershop (room), I was slammed against the wall and to the floor by officer Williams, while in handcuffs, belly chain, leader belt (dog leash), black box and shackles, and hobble chain, and with officer Williams and a officer Tyler on top of me, a officer Brown kicked, gassed, and punched me numerous times, then after officer Brown was finally restrained and pulled away by other officers (Hudson and Goings), he ran back over where I lay and began once again, kicking and punching, and gassing me by
                                                                        see attached page

**ACTION REQUESTED:** That officer Brown and Williams be terminated from the South Carolina Department of Corrections, and that I be compensated for my injuries, and that the partial plate which was knocked out of my mouth and not retrieved during this incident, be replaced.

**SPECIFY HOW AND WHEN INFORMAL RESOLUTION WAS ATTEMPTED BY GRIEVANT:**

All I was told by Captain Davis several days later was that, this matter would be handled fairly. I also talked to investigator's Smith and Miller.

James Fleming     12/5/11
Grievant Signature / Date

**ACTION TAKEN BY IGC:**

A copy of this grievance has been forward to the Inmate Grievance Branch for possible review by the Division of Investigation (DOI) due to allegations made in the grievance, the time stated in GA-01.12, Inmate Grievance System" for responses to grievance are not applied to grievance sent DOI. Time frame for responses begins once the grievance return from DOI.

K Maybe    12-15-11
IGC Signature     Date

☒ I accept the action taken by the IGC and consider the matter closed.
☒ I do not accept the action taken and wish to appeal.

_____     _____
Grievant Signature    Date

SCDC 10-5 (Rev. November 1997)
**(CONTINUED ON REVERSE SIDE)**

Exhibit #A

Attached page of grievance of incident of Nov. 26, 2011
concerning James R. Fleming #150479

placing the can also against my face, before being restrained for a second time. Then while in the control room, where he was ordered to go, he taunted me by beating on the glass with his hand and saying over and over "I did that to you Fleming" with other trash talk as I was escorted to medical where I was treated for lacerations and bruising to my face. But I would like to add that the nurse who treated me was very indifferent towards myself, where I needed stitches and to be seen by a doctor for a possible concussion and other complications due to my injuries, she placed steri strips, even when I still had gass all in my hair, face, eyes and wounds, which I told her she needed to wait until I got all the gas off me before she treated me, putting the strips on my facial wounds to close them, or they would come off from being wet when I was given a shower by the guards when returning to my cell, for this purpose — of removing the rest of the gas from these places and the rest of my body. I was only told by her that, if I didn't let her put the steri strips on now, I would be refusing medical treatment, so I let her. But of course, they did come off when I was given a shower. And when she walked past my cell a little later while giving out medication to other inmates on the wing, I told her that the strips did in fact come off, whereupon she seemed not to care and said she wasn't putting no more on. My wounds bled throughout the night until Nurse Lawyer (another nurse) came in the next day and bandaged my abrasions and cuts for the next two days. And I would like to add also, that my arm and neck haven't been feeling so good where I was slammed against the wall and floor in this incident, nor my nose, head, and ear, where I was beaten, too. I will continue to seek medical treatment.

This excessive force which was used on me while I was in full restraints began in the barbershop, when after getting a shave ofc. Brown of B-1 card became belligerent and very unprofessional because of an argument between him and myself, where I verbally confronted him about an inappropriate comment he made. At this time ofc. Brown approached me and shoved the bookcart away from me and snatched a book from my hand, pulling out his gas and balling up his fist. That is when ofc. Williams slammed me from behind, I guess he thought that was a good time to get me; I've had problems with him in the past as well.... I wish I could go further in detail, but I've heard I can only attach one page to the grievance form or it won't be processed

James Fleming
Dec. 5, 2011