UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James A. Fleming, #150479,<br><br>Plaintiff,<br><br>vs.<br><br>Medical Nurse, SCDC;<br>William Brown, Officer SCDC;<br>L. Williams, Officer SCDC;<br>E. Tyler, Officer SCDC;<br>Bernard McKie, Warden SCDC; and<br>Robert Ward, Acting Director;<br>in their individual and official capacities,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 9:13-3377-DCN-BM<br><br><br><br><br><br>Order |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTION FOR APPOINTMENT OF COUNSEL**:

Plaintiff has moved for the appointment of counsel. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). While the Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment" should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F .2d 779,780 (4th Cir. 1975). The Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, Plaintiff simply states that he is not able to afford counsel, hindered as a prisoner and has no prior experience to litigate his case. These are typical of complaints by prisoners seeking to pursue civil cases *pro se* in federal court, and after a review of the file, this Court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would the Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial the Court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, the Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915 (e)(l) is **denied**.



**MOTION FOR COPIES**:

Plaintiff asks that the Clerk of Court send him copies of the exhibits he has submitted along with this Complaint. Although an indigent litigant is entitled to file a civil action without payment of the filing fee under 28 U.S.C. § 1915, that statute does not mean that the costs of an "*in forma pauperis*" plaintiff are either underwritten or are waived. *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991). *See also CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983); *Tedder v. Odel*, 890 F.2d 210, 211-212 (9th Cir. 1989). *Cf. United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984)(*en banc*)(the statute granting indigent litigants the right to file a civil action without payment of the statutory filing fee does not require courts of the United States to pay witness fees and other costs for indigent plaintiffs in § 1983 actions). Furthermore, the Form AO 240 (Application to Proceed *In Forma Pauperis*), which is used by most prisoner litigants, relates only to the filing fee for a civil action, and does not affect collateral matters such as copying costs, transcripts, discovery requests, and motions to produce documents. *Badman v. Stark, supra*, 139 F.R.D. at 602-604.

Plaintiff indicates that he may obtain copies of his exhibits from the correctional institution if he has a case number. **The Clerk of Court is directed to return the submitted exhibits, [ECF No. 1-1], to the Plaintiff along with a copy of the public docket sheet for his case**. Plaintiff may use the public docket sheet to obtain copies of his exhibits, but should return neither the originals or the copies to the Clerk of Court at this time unless requested to do so by the undersigned. Plaintiff's motion for copies is therefore, **denied**.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b).

The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid. *See Torres v, O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010)("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350. Plaintiff's motion to proceed *in forma pauperis* is **granted**.



**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summons and to forward copies of this Order, the summons, the Complaint (ECF No. 1) and the Forms USM-285 to the United States Marshal for service of process.

The Clerk of Court shall complete the Forms USM-285 and summonses if Plaintiff has neglected to do so. The Clerk of Court shall calculate the 120-day period for service of process under Rule 4(m) from the date on which the summons is issued. *Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010)(tolling during initial review). *A copy of this Order must be provided to the United States Marshal.*

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the Complaint on Defendants. The time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure. The 120-day limit established by Rule 4(m) will not run during the initial review of this case; therefore, the 120 days begins on the date on which the summons(es) are issued.

The United States Marshal's Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)).

If the information provided by Plaintiff on the Form(s) USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANT(S)**:

Defendant(s) are directed to file an answer to the Complaint or otherwise plead.

**TO PLAINTIFF**:

Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendant(s) on the Form(s) USM-285. The United States Marshal cannot serve an inadequately identified defendant.



Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 120 days after the complaint it filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[1] **Unserved defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this Order**.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this Court is effected by the Court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendant's(s') attorney making an appearance in this Court, Plaintiff must serve Defendant(s) with any documents Plaintiff files subsequent to the initial pleading and file a Certificate of Service that states who was served, what document was served, and how the document was served.

Plaintiff must place the civil action number listed above on any document provided to the Court pursuant to this Order. Any future filings in this case must be sent to **Post Office Box 835, Charleston, South Carolina 29402**. All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.

---

[1]Commencement of a state law claim is determined by Rule 3 of the South Carolina Rules of Civil Procedure, rather than Rule 4 of the Federal Rules of Civil Procedure, and could impact the time allowed for service of process within the applicable statute of limitations for the state law claim. Plaintiff is also advised that, following *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995)(Rule 4(m) mandates showing of "good cause" before extension is granted), the United States Supreme Court issued its opinion in *Henderson v. United States*, 517 U.S. 654 (1996)(the "1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good cause shown.'" *Id.* at 662-63). Subsequent case law from lower courts reveals a split. *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793-94 (4th Cir. 2010) ("The district court must extend the 120-day period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve."); 4B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2010 supp.)("Despite some unpublished opinions casting doubt upon the rule, the Fourth Circuit follows the principle that a district court may grant an extension only within the time limit for service of process through a showing of good cause."). *But see Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 526 (D.Md. 1999)(*Mendez* is no longer good law; listing cases).



Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 835, Charleston, South Carolina 29402**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**IT IS SO ORDERED.**

Bristow Marchant
United States Magistrate Judge

February 18, 2014
Charleston, South Carolina

***Plaintiff's attention is directed to the important warning on the next page.***





# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).