IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Fleming, ) | CIVIL ACTION NO. 9:13-3377-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Medical Nurse, SCDC; William Brown, ) | |
| Officer SCDC; E. Tyler, Officer SCDC; ) | |
| Bernard McKie, Warden SCDC; and ) | |
| Robert Ward, Acting Director, in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named natural Defendants.

The Defendant "Medical Nurse" filed a motion to dismiss on April 9, 2014, on the grounds that Plaintiff had failed to perfect service as to this Defendant. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 11, 2014 advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on May 5, 2014, arguing that he named the Defendant "Medical Nurse" in such a manner due to his inability as a prisoner to obtain the specific name of the nurse in question. Plaintiff further states in his response that, at least

- 1 -



as of the date of that response, he had not obtained a copy of his SCDC medical records he was seeking through discovery, and therefore still did not have the name of the individual at issue. Plaintiff asked that the Defendant's motion be denied.

In light of Plaintiff's pro se status, and in further consideration of the fact that Plaintiff's IFP status places the responsibility for service on the Marshal , it is **recommended** that the Defendants motion be **denied** at this time, without prejudice.  Where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the District Court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court".  Gordon v. Leek, 574 F.2d 1147, 1152-1153 (4th Cir. 1978).

Here, it is unclear whether or not Plaintiff has had an opportunity to obtain copies of his medical records, or has even attempted to do so, as there is nothing further on the docket of this case indicating whether discovery has been sought or obtained, or whether Plaintiff may now have learned the identity of this individual.  Therefore, Plaintiff should be given an additional thirty (30) days to identify, in writing, the individual Nurse against whom he is asserting claims in this lawsuit. If he does so, the Court will then issue such additional orders as are necessary for the prosecution of this case.  However, if he does not do so, then it is recommended that the Defendant "Medical Nurse" as set forth in the caption be dismissed as a party defendant in this case.

Finally, the deadlines set forth in the dispositive motions order issued July 14, 2014 are hereby suspended pending resolution of the viability of this Defendant.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 21, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

